## CIRCUIT COURT OF RICHMOND COUNTY

J. Bernard Packett

    v.

Deutz-Allis Corp.

September 15, 1993

BY JUDGE JOSEPH E. SPRUILL, JR.

On September 8, 1992, the plaintiff filed a Motion for Judgment in Detinue for possession of a farm tractor, or in the alternative, judgment for $45,030.

The case was set for trial, then continued upon plaintiff's motion. It was rescheduled for August 16, 1993. Plaintiff's motion for a second continuance was denied, and the matter was heard on that day.

The plaintiff is a farmer and friend of David Belfield, who prior to August, 1991, operated Warsaw Equipment, Inc., a franchise dealer of Deutz-Allis. Warsaw Equipment failed, and its inventory was seized by Deutz-Allis in August, 1991.

The evidence here is not in dispute. It shows that Packett did not in fact purchase the tractor in question but, instead, participated in an arrangement whereby Belfield received the proceeds of a loan of $45,000 from Northern Neck State Bank. These events occurred in the waning days of Warsaw Equipment's existence, when its financial collapse was imminent. Packett had assisted Belfield in such schemes on perhaps eight other occasions. The plan was that Belfield would try to sell the tractor that Packett now claims to have purchased to someone else and, with the sales proceeds, pay off the bank loan. If Belfield was unable to sell the tractor to someone else, Packett would acquire it. Indeed, Belfield related that he did sell the tractor to another party, and when he told Packett, Packett's response was "good."

The plaintiff did not prove that this tractor was in the possession of Deutz-Allis at any time after it was sold by Deutz-Allis to Warsaw Equipment.

Deutz-Allis moved to strike the plaintiff's evidence at the conclusion of the plaintiff's case and at the conclusion of all the evidence. The Court has this motion under advisement.

For the reasons that follow, we grant the motion to strike and award summary judgment to defendant, Deutz-Allis.

Deutz-Allis retained a security interest in all machinery sold to Warsaw Equipment. In order for Packett to defeat this security interest, he must show that he was a buyer of the tractor in the ordinary course of business within the meaning of Virginia Code § 8.9–307(1). Under the facts here, it cannot be seriously contended that Packett was a buyer in good faith and in the ordinary course of business. By his own account, this was a sham transaction.

Further, it appears that Deutz-Allis has not had possession of this tractor since it was delivered to Warsaw Equipment in May, 1991. At that time, Deutz-Allis was lawfully dispossessed of the property, and there is no evidence to suggest that it ever again came into its possession. Hence, an action of detinue must fail.

The plaintiff's post-trial memorandum is devoted almost entirely to the theory that Deutz-Allis was either the agent or the alter ego of Warsaw Equipment, and it sets forth various equitable justifications for "piercing the corporate veil." However, these theories are not alleged in the plaintiff's pleadings, nor did he offer any evidence or make any argument at trial in support of the thesis he now propounds.

Mr. Packett appears to have had nothing to gain by his participation in this plan. Presumably, he simply wanted to help his friend. Nonetheless, he became caught up, albeit unwittingly, in this tangled web of deception which gripped this enterprise in the final months of its operation. In this proceeding, he has not established that he is entitled to the relief sought.